**UNITED LAND & IRRIGATION CO. et al. v. FLEMING et ux. (No. 299–3603.)** *

(Commission of Appeals of Texas, Section A. April 5, 1922.)

**1. Exchange of property ⬤⇒3(2)—Knowledge of facts putting on inquiry precludes reliance on representations.**

Where a party to a contract for exchange of lands possesses such knowledge of the facts as would put him on inquiry, and thus lead to a discovery, he is estopped to rescind for false representations as to the capacity of an irrigation canal system on the land to be received by him.

**2. Vendor and purchaser ⬤⇒83—Original contract induced by fraud held not superseded by subsequent compromise contract.**

Where before trial of an action on vendor's lien notes, the purchaser having filed a cross-action for cancellation of the contract because of fraudulent representations, the parties adjusted their difference by making a subsequent contract, the original contract, not having been set aside, is not superseded by the subsequent contract.

**3. Judgment ⬤⇒250—Judgment canceling compromise contract for fraud in original contract unsupported where former contract not attacked in pleadings.**

Where in an action on vendor's lien notes the purchaser filed a cross-action setting up false representations, and the parties compromised by entering into a new contract, and dismissed the original action, but the purchaser subsequently brought this action to cancel the notes given under the new contract, a judgment cannot be based in part on the false representations alleged in the original cross-action where the pleadings did not attack the validity of the original contract.

**4. Vendor and purchaser ⬤⇒33—Representations inducing compromise contract held not ground for setting aside original contract.**

In an action on vendor's lien notes, the purchaser filed a cross-action for cancellation of the notes, and the parties before trial ad-

justed their differences by making a subsequent compromise contract. *Held*, that false representations inducing the compromise contract is not a ground for setting aside the original contract.

**5. Vendor and purchaser ⟨⟩33—False representations as to part of land held to vitiate whole contract.**

Where two tracts of land are included in the same purchase, false representations vitiating the purchase of one tract may also vitiate the purchase of the other where the latter tract would not have been purchased alone.

Appeal from Court of Civil Appeals of Fourth Supreme Judicial District.

Action by E. H. Fleming and wife against the United Land & Irrigation Company and others. From a judgment of the Court of Civil Appeals for the Fourth District (225 S. W. 843) affirming a judgment in favor of the plaintiffs, the defendants appeal. Reversed and remanded.

Canales & Davenport, of Brownsville, and Amos Rich, of Houston, for appellants.

Seabury, George & Taylor, of Brownsville, for appellees.

RANDOLPH, J. On the 28th day of January, 1915, the United Land & Irrigation Company entered into a contract with Lorena S. Fleming and E. H. Fleming, whereby it contracted for the exchange of certain lands owned by the company situated in Cameron county, hereinafter designated the lands in controversy, for lands, stock, farming tools, etc., belonging to the Flemings, situated in Lampasas county. The lands in Lampasas county were valued by agreement at $60,000, and the consideration recited in the contract was the exchange of the lands, the sum of $5,000 cash paid by the company to the Flemings, and four vendor's lien notes executed by the Flemings, aggregating the sum of $30,000, payable to the order of the company on or before five years from date of deed, bearing 8 per cent. interest per annum from date, payable to the order of the company, to secure which a vendor's lien was to be retained in the deed from the company to the Flemings, conveying the land in controversy, and also secured by deed of trust. These notes were executed to cover the excess between the value of the company lands and the lands and personal property to be transferred to it by the Flemings. It was also stipulated in this contract that all of the lands in controversy were watered by the canals of the Indiana Co-operative Canal Company and subject to its constitution, by-laws, rules, and regulations, each acre carrying with it one share of stock in the Canal Company, except the block known as block 401, which was to be conveyed without such water rights, but which was to have an ease-ment for a canal extending across block 400 to the Rio Grande river, and said block 401 was to be taken as containing 80 acres, and at that acreage was to be paid for at the same price as the irrigated land, $150 per acre. The contract contained other provisions not necessary to state here.

It appears that the Flemings either performed or tendered performance of their part of the contract, and that after many months of delay, caused by the failure of the company to furnish good title to its lands to the satisfaction of the attorney for the Flemings, the company filed suit in the district court of Cameron county on May 10, 1916, cause No. 3051, seeking a foreclosure on the four vendor's lien notes above mentioned, alleging that these notes were in the hands of W. B. Abney, of Lampasas, but that it was the owner of and entitled to the possession of them.

Defendants Fleming by their first amended original answer and cross-action filed at the November term, 1917, of said district court, pleaded a general denial, failure of consideration of said contract, prayed for rescission of the contract and in the alternative for damages for breach thereof, and expressly pleaded their performance or attempted performance of same, and further:

"That plaintiffs, their agents, servants, and employés represented that said lands were under a sufficient canal system, one of the best in the Rio Grande Valley; that it was a co-operatively owned organization; * * * that said canal system was of sufficient capacity to furnish abundant water to all lands under the said system; and that the drainage for said canal system was excellent. * * * Defendants show in this connection that said representations were false; that said canal system was insufficient and was not capable of watering all the lands under its system and was in a bad state of repair."

Pending a trial of the case, the Flemings having gone from Houston to Brownsville to be present at the trial of said cause 3051, the parties came together to attempt a compromise or settlement. In the negotiations attending such effort to compromise, it is claimed by the Flemings:

"That the representations were made by Singer, the president of the company, and Hunt, the agent, which they later urge as their cause of action in this particular suit."

Afterwards, on the return of the Flemings to Houston, Hunt went to Houston and continued the negotiations for a settlement. These negotiations terminated in a new contract and the closing of the deal. The possession of the Flemings property and the deeds from the Flemings conveying same having already been delivered to the company, the company delivered its deeds conveying the lands to the Flemings and receiving from

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the Flemings the vendor's lien notes for $30,-000 as above described and deed of trust, and the Flemings dismissed their cross-action.

Thereafter the Flemings, on the 6th of April, 1920, filed their suit against the United Land & Irrigation Company and E. S. Hunt, praying for cancellation of the notes and deed of trust and for damages. E. S. Hunt, who had been made a party to the suit, as alleged owner of the notes under appropriate allegations to charge him as such owner with notice of the material matters involved in the cause of action, and the United Land & Irrigation Company filed their answer and cross-action seeking a recovery upon the notes and a foreclosure of the vendor's lien and deed of trust liens.

The case was submitted to the jury upon special issues, and on the answers by the jury to the issues, which were entirely favorable to the Flemings, the trial court rendered judgment as prayed for by them. On appeal to the Court of Civil Appeals for the Fourth District, that court affirmed the judgment. 225 S. W. 843.

The application for writ of error in various ways raises the question that where the parties to a contract of sale entered into a "solemn writing" expressing the terms, and where parties to the sale of land bind themselves by a solemn contract in writing in January, 1915, with regard to all the terms of a sale of land, representations made in December, 1917, to induce one of the parties to comply with the terms of the former contract, with certain modifications favorable to him, cannot be held to have induced the purchase of the land. In other words, it is contended substantially, that a valid and binding contract having been entered into by the parties in January, 1915, representations made in December, 1917, in securing a compromise settlement between the parties, cannot be considered as releasing either party from the prior contract.

[1] The answer to this proposition depends wholly on the facts of the case. The trial court submitted the case to the jury upon the theory that the transactions between the parties which culminated in the new contract was a separable transaction and stood by itself. The Flemings, after entering into the original contract, brought suit to cancel it, and set up matters of fraudulent representations as to the capacity of the canal system to water the lands. In addition to the allegations of insufficiency of the canal set out in their petition in cause No. 3051, the evidence tends to show such knowledge of facts by the Flemings as would put them upon inquiry, to say the least, and, having been put upon inquiry, would have led to the discovery of the facts which they charged, and would estop them from urging the insufficiency of the canal at a subsequent date

if those facts had been found to be true and there had been no further representations not connected or tied to the prior representation. Wortman v. Young (Tex. Com. App.) 235 S. W. 559.

[2] Plaintiff in error in its application for writ of error admits that the propositions stated above are matters of first impression in Texas, so far as they can determine, and we have been unable to find any decisions on all fours with the major proposition that the original contract being valid, and, not having been set aside, the subsequent contract cannot be held to have superseded the original contract. However, we understand this to be an elementary proposition and needs only to be clearly stated to be at once accepted as the rule of conduct in this case.

[3] The Flemings brought this suit upon the compromise contract of 1917 and wholly ignore the legal relationship established by the original contract made in 1915, and the trial court and Court of Civil Appeals adopt their theory and decide the case accordingly. However, the Court of Civil Appeals does hold that the alleged false representations made in the negotiations attending the matter of the compromise contract might be called a continuing misrepresentation of fact, a vice which entered into the making of the whole contract, so that the prior fraudulent representations as to the capacity of the plant to irrigate the land may all be looked to to aid in determining whether or not there was such fraud in the inducement to the making of the compromise contract; but, as that issue was never tried out, and the judgment in this case, in part at least, is based upon the false representations alleged in defendant's cross-action in cause No. 3051 was erroneous because the trial court had never determined the invalidity of the 1915 contract upon the facts.

[4] To restate our position: The evidence showing that a valid and binding contract had been entered into between the parties in 1915, and it not appearing that the contract had ever been abrogated, set aside, or rendered invalid from any cause, false representations charged to have been made in the inducement of the making of the compromise contract do not afford any legal or equitable ground to set aside the 1915 contract. Especially is this true when it appears that the Flemings in their petition in this case do not attempt to attack the validity of the 1915 contract by any formal pleading. In their supplemental petition filed in this cause they set up the dismissal of cause No. 3051 as a consideration for the compromise contract, but do not allege that they had a good cause of action in that cause, because of the invalidity of the alleged contract.

[5] As to the Flemings' action for damages upon a sale to them of survey 401, which is agreed not to be under irrigation, in view of

the disposition to be made of the case, we hold that, if it had been properly pleaded that the purchase of said tract 401 would not have been made alone, but was only made because of the purchase of the neighboring irrigated tract, and the evidence should tend to prove that issue, it would be a matter for the consideration of the jury as to whether or not they were induced to purchase same by the misrepresentations made, if any, with reference to the residue of the land.

The other questions presented in the application for writ of error either being concluded by our holding herein, or not being likely to arise on a new trial, we will not consider them in detail further; it being the opinion of the Supreme Court that, under the circumstances of this case, the defendants in error should have the opportunity to plead and prove the allegations as originally set up by them in their cross-action in cause No. 3051, and, inasmuch as those issues were partly considered in the trial of this case, that the judgment of the trial court and Court of Civil Appeals should not be rendered, but that this cause be remanded to the District Court for trial. We therefore make no recommendations as to the disposition of this case at this time.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.